IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| NAKESHA CLARK, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. |
| ) | |
| GRANITE NURSING & ) | |
| REHABILITATION CENTER, LLC, ) | |
| ) | **TRIAL BY JURY DEMANDED** |
| *Serve:* ) | |
| C T CORPORATION SYSTEM ) | |
| 208 SO LASALLE ST, SUITE 814 ) | |
| CHICAGO, IL 60604 ) | |
| ) | |
| Defendant. ) | |

**COMPLAINT**

COMES NOW Plaintiff, Nakesha Clark, by and through her attorneys, Mathis, Marifian & Richter, Ltd., and for her Complaint submits the following:

**Nature of Action**

1. This is an action to correct unlawful practices and conduct brought under the Family Medical Leave Act ("FMLA"), 29 U.S.C. §2601, et seq., the Emergency Paid Sick Leave ("EPSL") Act, 29 U.S.C. §5101, et seq., the Nursing Home Care Act, 210 ILCS 45/1-101, et seq., the Whistleblower Act, 740 ILCS 174/1, et seq., and Illinois common law. Plaintiff, Nakesha Clark, a former employee of Defendant Granite Nursing & Rehabilitation Center, LLC ("GNRC"), alleges that GNRC unlawfully retaliated against her because she reported suspected abuse of a GNRC resident to state regulators. Plaintiff further alleges that GNRC interfered with her right to all necessary leave after she tested positive for the COVID-19 virus. Ultimately, as a result of her report to the state regulators and/or her lawful use of and request for additional

{M1102484.1}

FMLA and/or EPSL leave while she recovered from COVID-19, GNRC unlawfully terminated Plaintiff's employment.

2. This action is brought pursuant to the Family Medical Leave Act ("FMLA"), 29 U.S.C. §2601, et seq., the Emergency Paid Sick Leave ("EPSL") Act, 29 U.S.C. §5101, et seq., the Nursing Home Care Act, 210 ILCS 45/1-101, et seq., the Whistleblower Act, 740 ILCS 174/1, et seq., and Illinois common law.

3. This Court has jurisdiction over this matter and the parties pursuant to 28 U.S.C. §1331. This Court also may exercise supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367 and *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966).

4. Venue is proper in the United States District Court for the Southern District of Illinois because Plaintiff resides within this district and all or a substantial portion of the events alleged occurred in Granite City, Illinois, within this District.

## Parties

5. Plaintiff, Nakesha Clark, is a citizen and resident of Madison County, Illinois.

6. Defendant, GNRC, is (and was at all relevant times) an Illinois limited liability company transacting business in Madison County, Illinois.

7. At all relevant times, GNRC operated a skilled nursing facility and/or intermediate care facility in Granite City, Illinois (the "GNRC Facility") that housed and provided care for more than three people unrelated to the applicant or owner.

8. At all relevant times, GNRC had more than fifty but less than five hundred employees.

## Background

9. From February 2018 until her termination on December 23, 2020, Plaintiff was employed by GNRC as a licensed practical nurse ("LPN").

10. On or about November 22, 2020, Plaintiff learned that a resident with a history of sexual assault resided in GNRC's facility.

11. State law imposes specific requirements on facilities to ensure the safety of others who may be around an individual with this type of history. *See, e.g.,* 77 Ill. Admin. Code 600.325.

12. That same day, Plaintiff was also informed that the resident with the sexual assault history had been in a female resident's room unsupervised and with the door closed.

13. Plaintiff concluded that these circumstances should be reported to the State of Illinois for investigation.

14. On November 23, 2020, after being unable to confirm that GNRC itself made a report or addressed the matter, Plaintiff reported the matters to the Department of Public Health.

15. The Department instituted an investigation, the results of which are publicly available in the survey results for GNRC.

16. Specifically, on December 10, 2020, the Department conducted a survey that found GNRC violated state regulations regarding Identified Offenders and imposed a fine on GNRC.

17. The survey found GNRC violated the following regulations: 77 Ill. Admin. Code 300.625(a) (timely review background check), 300.625(b) (provide security for residents pending background checks), 300.625(c) (notify State Police of residency), 300.625(f) (inform and meet with county and local police to develop appropriate plans and procedures and to notify

other residents and/or their guardians of their right to inquire as to whether any offenders reside at the facility), 300.625(j) (create an individualized care plan for the offender), 300.625(k) (incorporate the offender report and recommendations into the care plan), 300.625(l) (provide a private room for certain offenders), 300.625(n) (continuously evaluate the situation and adjust the care plan to protect other residents) and 300.625(o) (submit incident reports and discharge or transfer offenders if the facility cannot protect other residents from their misconduct).

18. It was discussed and common knowledge at GNRC that Plaintiff contacted the State of Illinois regarding this matter.

19. During this timeframe, GNRC was also navigating the COVID-19 pandemic.

20. During December 2020, Plaintiff at times experienced symptoms associated with the COVID-19 virus.

21. GNRC's managers and supervisors were aware of Plaintiff's symptoms and required her to work despite them.

22. On December 13, 2020, Plaintiff requested that GNRC test her for COVID-19 because she had symptoms. GNRC did not test her, but required her to work her shift while she was symptomatic.

23. On December 14, 2020, GNRC did test Plaintiff and Plaintiff received results showing that she tested positive for COVID-19.

24. GNRC took Plaintiff off work from December 14, 2020 through December 22, 2020.

25. At the time, applicable CDC and Illinois Department of Public Health guidance provided that an individual could not return to work until a minimum of ten days after symptom onset, provided that they had no fever for at least the 72 preceding hours or two negative COVID

tests. Further, the Emergency Paid Sick Leave Act provided that a qualified employee was entitled to 80 hours of paid sick time. 29 U.S.C. §5102.

26. GNRC instructed Plaintiff to return to work on December 23, 2020.

27. Plaintiff advised GNRC that she was still experiencing a fever, a symptom of COVID-19, and felt that she could not safely return to work. Therefore, Plaintiff requested that GNRC permit her to remain off work until her symptoms resolved. However, GNRC insisted that Plaintiff return to work and, when she refused to do so, terminated her employment.

## COUNT I
## RETALIATORY DISCARGE-STATE COMPLAINT
## IN VIOLATION OF 210 ILCS 45/3-810

28. Plaintiff incorporates paragraphs 1-27 of this Complaint as if set forth fully here.

29. Plaintiff's actions and complaints to the State of Illinois regarding her concerns for resident safety based upon a resident coming to the facility with a history of sexual assault and that individual having been alone in a room with a female resident were protected under 210 ILCS 45/3-810(b)(1) as a disclosure to a public body of activity, inaction, policy or practice implemented by GNRC that Plaintiff reasonably believed to be in violation of a law, rule or regulation.

30. GNRC changed the terms and conditions of Plaintiff's employment and, ultimately, discharged her in retaliation for her protected report to the State of Illinois in violation of the Nursing Home Care Act, 210 ILCS 45/3-810.

31. Plaintiff's report to the State of Illinois as described above was a contributing factor in GNRC's decision to terminate Plaintiff's employment.

32. As a direct and proximate result of GNRC's unlawful conduct, Plaintiff has suffered and will continue to suffer severe humiliation, embarrassment, degradation, loss of reputation, mental anguish, loss of enjoyment of life and physical and emotional distress.

33. As a direct and proximate result of GNRC's unlawful conduct, Plaintiff has sustained economic and non-economic damages in amounts to be proven at trial, including but not limited to back and front pay, loss of benefits and other compensation, emotional distress, attorneys' fees and costs of suit.

34. GNRC's actions in mistreating Plaintiff and illegally terminating her employment were undertaken with willful and deliberate disregard of Plaintiff's rights and the protections under the Nursing Home Care Act entitling Plaintiff to punitive damages.

WHEREFORE Plaintiff, Nakesha Clark, prays for judgment in her favor and against Defendant GNRC as follows:

(a) That a finding be entered that GNRC unlawfully altered the terms and conditions of Plaintiff's employment and discharged Plaintiff in violation of the Nursing Home Care Act, 210 ILCS 45/3-810;

(b) That Plaintiff be made whole by providing compensation for past and future non-pecuniary losses resulting from GNRC's unlawful conduct, including pain and suffering, loss of enjoyment of life, damage to reputation and humiliation, in amounts to be determined at trial;

(c) That Plaintiff be awarded all wages, benefits and compensation lost due to GNRC's unlawful conduct, including back pay and all future pecuniary losses, with prejudgment interest, pursuant to 210 ILCS 45/3-810(d)(3);

(d) That Plaintiff's back pay award be doubled pursuant to 210 ILCS 45/3-810(d)(2);

(e) That Plaintiff be awarded punitive damages;

(f) That Plaintiff be awarded reasonable attorneys' fees, litigation costs and expert witness fees pursuant to 210 ILCS 45/3-810(d)(5);

(g) That Plaintiff be reinstated to her former position with the same pay and terms and privileges of employment; and

(h) That Plaintiff be awarded such other and further relief as this Court may deem just and proper.

## COUNT II
## RETALIATORY DISCHARGE-STATE COMPLAINT

35. Plaintiff incorporates paragraphs 1 to 27 of this Complaint as if set forth fully herein.

36. GNRC terminated Plaintiff's employment in retaliation for Plaintiff's protected conduct, including her complaint to the State of Illinois which was protected by the Nursing Home Care Act, 210 ILCS 45/3-810.

37. GNRC's termination of Plaintiff's employment was contrary to the clear public policy of the State of Illinois.

38. As a direct and proximate result of GNRC's retaliatory discharge, Plaintiff has suffered and will continue to suffer severe humiliation, embarrassment, degradation, loss of reputation, mental anguish, loss of enjoyment of life and physical and emotional distress.

39. As a direct and proximate result of GNRC's wrongful and/or retaliatory discharge, Plaintiff has sustained economic and non-economic damages in amounts to be proven at trial, including but not limited to back and front pay, loss of benefits and other compensation, emotional distress, attorneys' fees and costs of suit.

40. GNRC's actions in wrongfully discharging Plaintiff were undertaken with malice, reckless indifference and willful and deliberate disregard of Plaintiff's rights and were so

outrageous, extreme and in disregard of Plaintiff's interests as to entitle her to an award of punitive damages.

WHEREFORE Plaintiff, Nakesha Clark, prays for judgment in her favor and against Defendant GNRC as follows:

(a) That a finding be entered that GNRC discharged Plaintiff in violation of the clear public policy of the State of Illinois;

(b) That Plaintiff be made whole by providing compensation for past and future non-pecuniary losses resulting from Plaintiff's retaliatory discharge, including pain and suffering, loss of enjoyment of life, damage to reputation and humiliation, in amounts to be determined at trial;

(c) That Plaintiff be awarded all wages, benefits and compensation lost due to GNRC's retaliatory discharge, including back pay and all future pecuniary losses, with prejudgment interest, and such other equitable relief as may be deemed necessary to eradicate the effects of that conduct;

(d) That Plaintiff be awarded punitive damages from GNRC;

(e) That Plaintiff be awarded reasonable attorneys' fees and costs; and

(f) That Plaintiff be awarded such other and further relief as this Court may deem just and proper.

## COUNT III
## FMLA INTERFERENCE AND RETALIATION

41. Plaintiff incorporates paragraphs 1 to 27 of this Complaint as if set forth fully here.

42. On December 23, 2020, Plaintiff requested FMLA leave to enable her to continue to recover from COVID-19.

43. Plaintiff worked at least 1,250 hours for GNRC in the 12 months preceding her request.

44. Despite her entitlement to leave, GNRC denied Plaintiff's request for leave and interfered with her rights under FMLA.

45. Further, GNRC terminated Plaintiff's employment in retaliation for Plaintiff's protected conduct, including her request for FMLA leave to permit her to recover from COVID-19.

46. In requesting FMLA leave, Plaintiff engaged in statutorily protected conduct.

47. Plaintiff suffered an adverse employment action, namely, discharge from employment, because she exercised her FMLA rights.

48. Plaintiff's exercise of her FMLA rights, including her request for FMLA leave, was a substantial and motivating factor in GNRC's decision to retaliate against Plaintiff and terminate her employment.

49. As a direct and proximate result of GNRC's unlawful conduct, Plaintiff has been damaged in that she has been caused to sustain lost wages, benefits, bonuses and other compensation and has suffered and will continue to suffer severe humiliation, embarrassment, degradation, loss of reputation, mental anguish, loss of enjoyment of life and physical and emotional distress.

50. The unlawful employment practices complained of above were intentional and done with malice or reckless indifference to Plaintiff's federally protected rights, and were so outrageous, extreme and in disregard of the interests of Plaintiff so as to entitle Plaintiff to an award of liquidated damages.

WHEREFORE Plaintiff, Nakesha Clark, prays for judgment in her favor and against Defendant GNRC as follows:

(a) That a finding be entered that GNRC intentionally engaged in conduct against Plaintiff with malice or reckless indifferent to Plaintiff's federally protected rights;

(b) That Plaintiff be awarded all wages, benefits and compensation lost due to GNRC's unlawful conduct, including back pay, front pay and all future pecuniary losses, with prejudgment interest, and such other equitable relief as may be deemed necessary to eradicate the effects of that conduct;

(c) That Plaintiff be awarded liquidated damages from GNRC;

(d) That Plaintiff be awarded reasonable attorneys' fees and costs; and

(e) That Plaintiff be awarded such other and further relief as this Court may deem just and proper.

## COUNT IV
## WHISTLEBLOWER ACT-STATE COMPLAINT

51. Plaintiff incorporates paragraphs 1 to 27 of this Complaint as if set forth fully herein.

52. Plaintiff's actions and complaints to the State of Illinois regarding her concerns for resident safety based upon a resident coming to the facility with a history of sexual assault and that individual having been alone in a room with a female resident constituted the disclosure of information to a government agency. Plaintiff had reasonable cause to believe that this constituted a violation of a state regulation.

53. As a direct and proximate result of Plaintiff reporting GNRC's violation of special requirements regarding residents with sexual assault history, GRNC began harassing and retaliating against Plaintiff, including but not limited to, failing to observe Plaintiff's rights

pursuant to the FMLA and EPSL, changing the terms and conditions of Plaintiff's employment, and ultimately discharging her from her position.

54. GNRC changed the terms and conditions of Plaintiff's employment and, ultimately, discharged her in retaliation for her protected report to the State of Illinois in violation of the Whistleblower Act, 740 ILCS 174/15(b).

55. As a direct and proximate result of GNRC's unlawful conduct, Plaintiff has suffered and will continue to suffer severe humiliation, embarrassment, degradation, loss of reputation, mental anguish, loss of enjoyment of life and physical and emotional distress.

56. As a direct and proximate result of GNRC's unlawful conduct, Plaintiff has sustained economic and non-economic damages in amounts to be proven at trial, including but not limited to back and front pay, loss of benefits and other compensation, emotional distress, attorneys' fees and costs of suit.

WHEREFORE Plaintiff, Nakesha Clark, prays for judgment in her favor and against Defendant GNRC as follows:

(a) That a finding be entered that GNRC unlawfully altered the terms and conditions of Plaintiff's employment and discharged Plaintiff in violation of the Whistleblower Act, 740 ILCS 140 et seq.;

(b) That Plaintiff be made whole by providing compensation for past and future non-pecuniary losses resulting from GNRC's unlawful conduct, including pain and suffering, loss of enjoyment of life, damage to reputation and humiliation, in amounts to be determined at trial;

(c) That Plaintiff be awarded all wages, benefits and compensation lost due to GNRC's unlawful conduct, including back pay and all future pecuniary losses, with prejudgment interest, pursuant to 740 ILCS 174/30;

(d) That Plaintiff be awarded all damages sustained as a result of the violation, including litigation costs, expert witness fees, and reasonable attorney's fees pursuant to 740 ILCS 174/30(3);

(e) That Plaintiff be reinstated to her former position with the same pay and terms and privileges of employment; and

(f) That Plaintiff be awarded such other and further relief as this Court may deem just and proper.

## COUNT V
## VIOLATION OF THE EMERGENCY PAID SICK LEAVE ACT

57. Plaintiff incorporates paragraphs 1 to 27 of this Complaint as if set forth fully herein.

58. On December 14, 2020, Plaintiff informed GNRC that she tested positive for COVID-19.

59. Defendant remained off work from December 14, 2020 through December 22, 2020.

60. At all relevant times herein, there was in effect the Emergency Paid Sick Leave Act, 29 U.S.C.A. §5101 et seq.

61. Pursuant to the EPSLA, Plaintiff was entitled to paid sick leave as Plaintiff was an employee who was subject to a federal, state, or local quarantine or isolation order related to COVID-19, was advised by a health care provider to self-quarantine due to concerns related to COVID-19 and was experiencing symptoms of COVID-19 and seeking a medical diagnosis.

62. Pursuant to the EPSLA, Plaintiff was entitled paid sick leave for a period of 80 hours.

63. Plaintiff only utilized eight days' worth of sick leave prior to her termination.

64. Plaintiff was improperly terminated prior to her exhaustion of her entitled eighty hours of leave as provided for by the EPSLA.

65. GRNC violated section 5104 of the EPSLA in that GRNC discharged Plaintiff for taking leave in accordance with the EPLSA.

66. As a result of GRNC's violation, GRNC is in violation of section 15(a)(3) of the Fair Labor Standards Act of 1938, 29 U.S.C. 215(a)(3). GRNC is subject to penalties described in sections 16 and 17 of the Fair Labor Standards Act.

WHEREFORE Plaintiff, Nakesha Clark, prays for judgment in her favor and against Defendant GNRC as follows:

(a) That a finding be entered that GNRC unlawfully violated Plaintiff's rights pursuant to the Emergency Paid Sick Leave Act, 29 U.S.C. §5101 et seq.;

(b) That Plaintiff be made whole by providing compensation for past and future non-pecuniary losses resulting from GNRC's unlawful conduct, including pain and suffering, loss of enjoyment of life, damage to reputation and humiliation, in amounts to be determined at trial;

(c) That Plaintiff be awarded all wages, benefits and compensation lost due to GNRC's unlawful conduct, including back pay and all future pecuniary losses, with prejudgment interest, pursuant to 29 U.S.C. §5105 and 29 U.S.C. §216(b);

(d) That Plaintiff be awarded all damages sustained as a result of the violation, including litigation costs, expert witness fees, and reasonable attorney's fees pursuant to 29 U.S.C. §5105 and 29 U.S.C. §216(b);

(e) That Plaintiff be reinstated to her former position with the same pay and terms and privileges of employment; and

    (f)    That Plaintiff be awarded such other and further relief as this Court may deem just and proper.

    MATHIS, MARIFIAN & RICHTER, LTD.

By   *s/Laura E. Schrick*
Laura E. Schrick, #06284750
23 Public Square, Suite 300
P.O. Box 307
Belleville, IL 62220
Phone: (618) 234-9800
Fax: (618) 234-9786
lschrick@mmrltd.com

Attorneys for Plaintiff Nakesha Clark