UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

NAKESHA CLARK,

,

    Plaintiff,

    v.

GRANITE NURSING &
REHABILITATION CENTER, LLC.

    Defendant.

Case No. 3:22-cv-00599-JPG

**MEMORANDUM AND ORDER**

    This matter comes before the Court on Defendant Granite Nursing and Rehabilitation, LLC ("Granite Nursing" or "Defendant") Motion to Set Aside the Default Entry by the Clerk, which was entered by the Clerk of the Court on May 17, 2022.

    Rule 55(c) provides that a court may set aside entry of default for good cause. The Court should do so if the defendant shows (1) good cause for his default; (2) quick action to correct it; and (3) a meritorious defense to the complaint. *Arwa Chiropractic, P.C. v. Med-Care Diabetic & Med. Supplies, Inc.*, 961 F.3d 942, 949 (7th Cir. 2020); *O'Brien v. R.J. O'Brien & Assocs.*, 998 F.2d 1394, 1401 (7th Cir. 1993).

    Defendant indicates that due to an inadvertent oversight by its third-party administrative services provider, Defendant failed to respond to the Complaint by the May 3, 2022 responsive deadline. (Doc. 15 at 1). The administrative services provider notified Defendant counsel of the error on May 19, 2022. Defendant filed the instant motion on May 23, 2022.

    Good cause to set aside entry of default exists. A counsel's failure to timely file the answer was inadvertent and the result of a miscommunication, not the type of willful refusal to follow court rules that justifies refusing to vacate entry of default. *See Davis v. Hutchins*, 321

F.3d 641, 646 (7th Cir. 2003). Furthermore, counsel's behavior does not reflect the kind of repeated delinquencies that justified denying a motion to vacate default in *Pretzel & Stouffer*, where counsel missed the deadline to answer, failed to move for leave to file the answer out of time, failed to provide a copy of the answer to opposing counsel, and failed to appear at a status hearing without a valid excuse. *See Pretzel & Stouffer*, 28 F.3d at 45-46. However, while the type of internal office miscommunications of a third-party of Defendants had may not always amount to good cause, *see id.* (incorrectly calendaring a court hearing or other "routine back-office problems . . . do not rank high in the list of excuses for default."), the Court is mindful of the difficulties attorneys face, especially here when a third-party is given notice of lawsuits.

Defendant took quick action to correct the error. The Defendant was aware of the error on May 19, 2022. It filed the instant motion on May 23, 2022. The Defendant informed Plaintiff's counsel and they do not object to the instant motion.

The Court finds that Defendant has a meritorious defense. Defendant has provided evidence that Plaintiff may have been terminated because she failed to accurately report Covid screening forms. A meritorious defense is not necessarily a winning defense, but is instead "one which at least raises a serious question regarding the propriety of a default judgment and which is supported by a developed legal and factual basis." *Jones*, 39 F.3d at 165. It must be more than a general denial or a bare legal conclusion that a defense exists. *See Pretzel & Stouffer*, 28 F.3d at 46.

The Court hereby finds good cause exists to set aside entry of default. The Court hereby GRANTS Defendant's Motion to Set Aside the Clerk's Entry of Default (Doc. 15), SETS ASIDE the Clerk of the Court's entry of default (Doc. 13). Defendant has until June 13, 2022, to file its Answer to Plaintiff's Complaint (Doc. 1).

**IT IS SO ORDERED.**
**Dated: May 25, 2022**

                                                      **/s/ J. Phil Gilbert**
                                                      **J. PHIL GILBERT**
                                                      **DISTRICT JUDGE**